| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>Court Address:   100 Jefferson County Parkway<br>                           Golden, CO 80401<br>Phone Number:   (303) 271-6215<br><br>**Plaintiff:**   MARIANNE MACKENZIE<br><br>v.<br><br>**Defendant:** EXEMPLA LUTHERAN MEDICAL CENTER, a Colorado corporation | <br><br><br><br><br><br><br><br>▲ COURT USE ONLY ▲<br>Case No.<br><br>Division:<br>Courtroom: |
| Attorney or Party Without Attorney:<br>Brian L. Lewis, Esq., Reg. No. 11362<br>ANDREW T. BRAKE, P.C.<br>Attorneys for Plaintiff<br>777 East Girard Avenue, Suite 200<br>Englewood, Colorado 80113-2767<br>Telephone: (303) 806-9000<br>Facsimile: (303) 806-9578<br>E-Mail:   a.brake@att.net | |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff Marianne MacKenzie (hereinafter referred to as "Plaintiff"), by and through her attorneys Andrew T. Brake, P.C., and for her Complaint and Jury Demand complains against the Defendant, Exempla Lutheran Medical Center (hereinafter referred to as "Defendant"), and alleges as follows:

### I.  JURISDICTION AND VENUE

1.  This action is authorized and instituted pursuant to the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, the Age Discrimination In Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and Colorado statutory and common law.

2.  Venue is proper with this Court as all the employment practices alleged to be unlawful were committed within the County of Jefferson, State of Colorado.

## II.  PARTIES

3. Plaintiff is a resident of Jefferson County, State of Colorado.

4. Plaintiff's age is presently 44 years and she was within the protected class of persons under the ADEA at the time of the events complained of below.

5. At all times relevant hereto, Defendant was an "employer" as defined by the ADA and ADEA.  Upon Plaintiff's information and belief, Defendant is a Colorado corporation transacting business in Jefferson County, Colorado.

6. Plaintiff has satisfied all conditions precedent to bringing this action.  She filed a charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission (EEOC) and has otherwise exhausted any administrative remedies within the meaning of the ADA and ADEA.

7. On or about December 19, 2007, the EEOC issued to Plaintiff a right to sue letter. Plaintiff files this Complaint within ninety (90) days of Plaintiff's receipt of the referenced EEOC letter.

8. At all times relevant, Plaintiff has been qualified for her position with Defendant.

9. At all times relevant, Plaintiff had been satisfactorily performing her job with Defendant.

## III.  GENERAL ALLEGATIONS

10. Plaintiff began employment with Defendant in 2003 as a full-time registered nurse.

11. In the latter part of 2004, Plaintiff experienced an on-the-job back injury while lifting a patient.  Plaintiff timely and properly reported this injury to Defendant as a worker's compensation claim and the injury was processed by Defendant as such.

12. In September, 2006, Plaintiff experienced an on-the-job back injury.  Plaintiff timely and properly reported this injury to Defendant as a worker's compensation claim and the injury was processed by Defendant as such.

13. In October, 2006, Plaintiff experienced an on-the-job back injury while transferring patients.  Plaintiff timely and properly reported this injury to Defendant as a worker's compensation claim and the injury was processed by Defendant as such.  Plaintiff was treated for this injury, as in the past, by Defendant's designated worker's compensation physician, Dr. Woo, who, upon Plaintiff's information and belief is an employee of and/or contractor to Defendant.

14. On or about February 21, 2007, Dr. Woo designated Plaintiff as having reached maximum medical improvement and placed Plaintiff on permanent work restrictions which prohibited Plaintiff from bending and twisting at the waist and prohibited Plaintiff from lifting greater than 25 pounds. These permanent medical restrictions, in reality, resulted in the termination of Plaintiff's employment with Defendant because Defendant was unwilling and/or allegedly unable to place Plaintiff in any other registered nursing position which would meet her medical restrictions.

15. Upon Plaintiff's information and belief, Defendant, acting in concert with Dr. Woo, devised a stratagem to improperly terminate Plaintiff's employment by having Dr. Woo place Plaintiff on unrealistic and unwarranted work restrictions. Based upon the advice, evaluations and opinions of other health care providers for Plaintiff, given on January 17, 2007 and on February 9, 2007, Plaintiff did not in fact require any work restrictions as a result of the October, 2006 on-the-job injury. Further, Plaintiff secured her own evaluation after February 21, 2007 from physicians specializing in back injuries who both informed Plaintiff that she required no permanent work restrictions. When Plaintiff presented these two medical opinions to Defendant so that Defendant would reconsider Plaintiff's termination, Defendant wrongfully dismissed these competent medical opinions out of hand.

## **FIRST CLAIM FOR RELIEF**
**(Violation of the ADA )**

16. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and Jury Demand as though fully incorporated herein.

17 Defendant, acting in concert with its employee or contractor, Dr. Woo, and improperly classified and regarded Plaintiff as having an impairment that substantially limits a major life activity, to wit, Plaintiff's job functions as a registered nurse.

18. As of at least January 17, 2007 and thereafter, Plaintiff was qualified for her job as a registered nurse with Defendant because she could perform all of the essential functions of her job with or without reasonable accommodation.

19. Defendant terminated Plaintiff's employment on or about February 21, 2007 because Defendant improperly and erroneously regarded Plaintiff as having an impairment that substantially limits a major life activity, to wit, Plaintiff's job functions as a registered nurse.

20. Plaintiff has suffered and will continue to suffer economic losses due to the discriminatory conduct set forth above, as well as non-economic injuries, including emotional harm and distress, and damage to her career and future.

## SECOND CLAIM FOR RELIEF
**(Violation of the ADEA )**

21.     Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and Jury Demand as though fully incorporated herein.

22.     During Plaintiff's course of treatment with Dr. Woo, Dr. Woo made repeated references to Plaintiff's age as a cause or contributing factor to Plaintiff's on-the-job injuries while Plaintiff worked for Defendant.

23.     Upon Plaintiff's information and belief, Dr. Woo, acting in concert with Defendant, placed Plaintiff on unrealistic and unwarranted permanent work restrictions at least in part because of Plaintiff's age.  The imposition of these permanent work restrictions by Defendant, acting through its employee or contractor, Dr. Woo, constitutes age disparate treatment and discrimination because, at least in part, upon Plaintiff's information and belief, Plaintiff's younger, similarly-situated colleagues who suffered on-the-job injuries with Defendant were not subjected to permanent work restrictions as she was.

24.     Defendant terminated Plaintiff's employment because Plaintiff could not, allegedly, meet Defendant's purportedly age-related permanent work restrictions, according to Dr. Woo.

25.     Plaintiff has suffered and will continue to suffer economic losses due to the discriminatory conduct set forth above, as well as non-economic injuries, including emotional harm and distress.

## THIRD CLAIM FOR RELIEF
**(Wrongful Termination In Violation Of Colorado Public Policy)**

26.     Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and Jury Demand as though fully incorporated herein.

27.     Upon Plaintiff's information and belief, Defendant, acting in concert with its employee or contractor, Dr. Woo, devised a stratagem to terminate Plaintiff's employment because of and in retaliation for her worker's compensation claims, including the October, 2006 claim, which Plaintiff had filed with Defendant.  This stratagem involved placing Plaintiff on unrealistic and unwarranted permanent work restrictions which would effective bar Plaintiff from any work as a registered nurse with Defendant.

28.     As a result of the unrealistic and unwarranted permanent work restrictions ordered by Dr. Woo, Defendant, for all practical purposes, wrongfully terminated Plaintiff's employment on or about February 21, 2007.

29. Plaintiff has suffered and will continue to suffer economic losses due to the discriminatory conduct set forth above, as well as non-economic injuries, including emotional harm and distress.

## FOURTH CLAIM FOR RELIEF
### (Retaliation)

30. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and Jury Demand as though fully incorporated herein.

31. Defendant unlawfully retaliated against Plaintiff for exercising her federal and state rights and entitlements, including Plaintiff protesting the unlawful and otherwise discriminatory conduct perpetrated against her, by placing Plaintiff on unreasonable work restrictions thereby not permitting Plaintiff to return to work in spite of several physicians' opinions that she was qualified to return to work, sending Plaintiff to a psychiatrist for evaluation when there was not a reasonable basis to do so, and not permitting Plaintiff to apply for nursing positions with the Defendant, including administrative type positions, which would require substantially less physical exertion than the nursing position which Plaintiff held at the time that Plaintiff was injured.

32 Plaintiff has suffered and will continue to suffer economic losses due to the discriminatory conduct set forth above, as well as non-economic injuries, including emotional harm and distress.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendant, and award the following relief:

a. Enjoin Defendant from engaging in discriminatory conduct barred by Federal law and restore her to her last position of employment with Defendant; or alternatively to another nursing position for which Plaintiff is qualified, and order other appropriate equitable relief including injunctive and/or declaratory relief;
b. Compensatory and consequential damages, including back pay, front pay if Plaintiff is not restored to an appropriate nursing position with the Defendant, and for harm and damages to Plaintiff's career and future;
c. Liquidated damages as allowed by law;
d. Damages for mental pain and suffering, emotional harm and distress, shame, humiliation, and related non-economic damages.
e. Pre-judgment and post-judgment interest at the highest lawful rate;
f. Attorneys' fees and costs of this action, including expert witness fees, as appropriate; and
g. Any further relief as federal and state laws allow.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated this 26th day of February, 2008.

                                            Respectfully submitted,
                                            Andrew T. Brake, P.C.

                                            By: s/Andrew T. Brake
                                            Andrew T. Brake, Reg. No. 12021
                                            777 E. Girard Avenue, Suite 200
                                            Englewood, CO 80113
                                            303-806-9000

Plaintiff's Address:

7085 Calahan Avenue
Lakewood, CO 80033